FILED
SUPERIOR COURT
OF GUAM

2024 APR 12 PM 3: 17

CLERK OF COURT

BY:

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| DFS GUAM L.P., | CIVIL CASE NO. CV0943-14 |
| | (Consolidated with CV0094-15 and CV0198-15) |
| Plaintiff, | |
| | |
| v. | **DECISION AND ORDER** |
| | *Re: GIAA and Lotte's Motions for* |
| THE A.B. WON PAT INTERNATIONAL | *Reconsideration* |
| AIRPORT AUTHORITY, GUAM, and | |
| DOES 1-10, INCLUSIVE. | |
| | |
| Defendant. | |

This matter came before the Honorable Arthur R. Barcinas on January 12, 2024, for a hearing on separate motions for reconsideration filed by defendant The A.B. Won Pat International Airport Authority, Guam ("GIAA") and by non-party Lotte Duty Free Guam, LLC ("Lotte"). Each seeks reconsideration of the Court's October 27, 2023 Decision and Order ("October Order"),[1] which resolved a motion[2] by plaintiff DFS Guam L.P.'s ("DFS") for evidentiary sanctions against Lotte. At the hearing, attorneys Genevieve Rapadas and E. Christian Calvo appeared for GIAA; attorneys Steven Madison and Cesar Cabot appeared for Lotte; and attorneys Jay Srinivasan and G. Patrick Civille appeared for DFS. After the hearing, the Court took the matter under advisement and now issues the following Decision and Order **DENYING** both motions for reconsideration.

---

[1] The full title of that Decision and Order is "Decision and Order RE: DFS Guam L.P.'s Motion for Order to Lotte Duty Free Guam, LLC to Show Cause Why It Should Not Be Held in Contempt for Failing to Comply with the Court's December 22, 2017 Order" (Oct. 27, 2023).

[2] The full title of the motion is "DFS Guam L.P.'s Motion for Order to Lotte Duty Free Guam, LLC to Show Cause Why It Should Not Be Held in Contempt for Failing to Comply with the Court's December 22, 2017 Order" (Jan. 22, 2018). Herein, that motion shall be referred to as the "January 2018 Motion."

## BACKGROUND

The Court assumes the parties are familiar with the extensive background of this case, and reincorporates by reference the broader Background recited in the October Order.

In its January 2018 Motion, DFS asked the Court to adopt seven adverse inferences against Lotte for Lotte's failure to produce certain documents in discovery. The Court's October Order held, in brief, that (1) Lotte, although no longer a party to this case, nonetheless had a duty to preserve certain evidence, Dec. & Order at 5-6 (Oct. 27, 2023); (2) Lotte's duty to preserve began on May 3, 2013, upon receipt of a certain letter from GIAA, *id.* at 6-8; (3) and Lotte's failure to preserve documents after receipt of the letter amounted to spoliation of evidence, *id.* at 9. The Court therefore agreed to adopt all seven adverse inferences sought against Lotte. *Id.*

Following the October Order, GIAA and Lotte each moved for reconsideration. GIAA moved for reconsideration on four grounds, and Lotte moved for reconsideration on seven grounds, each of which is addressed below. On December 12, 2023, DFS filed a Combined Opposition which responded to the issues raised by both motions. DFS advanced two primary arguments: (1) none of the issues raised by the movants are appropriate for reconsideration under the relevant rules governing reconsideration, and (2) none of the decisions made in the October Order were erroneous. On December 26, 2023, Lotte filed a Reply, and on December 29, 2023, GIAA filed a Reply, each rebutting the counter-arguments made by DFS.

## DISCUSSION

### A. Standard for Reconsideration

GIAA and Lotte move for reconsideration under three separate rules: Guam Rule of Civil Procedure ("GRCP") 59(e); GRCP 60(b)(6); and Superior Court of Guam Local Civil

Rule ("CVR") 7.1(i). *See* GIAA Mot. Reconsideration at 2-3; Lotte Mot. Reconsideration at 2-3. The Court must first determine which rule, or rules, apply here.

At the outset, a motion cannot be brought simultaneously under GRCP 59(e) and GRCP 60(b)(6); the rules are mutually exclusive based on the timing of filing. Thus, "[r]egardless of how it is styled, a post-judgment motion filed within ten days of entry of judgment that questions the correctness of a judgment is properly construed as a Rule 59(e) motion." *Sananap v. Cyfred*, 2009 Guam 13 ¶ 16 (quoting *Venable v. Haislip*, 721 F.2d 297, 299 (10th Cir. 1983)); *accord Harcon Barge Co., Inc. v. D & G Boat Rentals, Inc.*, 784 F.2d 665, 669-70 (5th Cir. 1986) (noting "[v]irtually every circuit court" has reached this conclusion). Here, both GIAA and Lotte's motions were filed within ten days of entry of the October Order, applying the time-calculation standards of the then-operative GRCP 6.[3] Thus, the Court treats the motions as grounded in GRCP 59(e), not GRCP 60(b)(6).

GIAA and Lotte each argue that the October Order was in several respects clearly erroneous and/or manifestly unjust. Generally speaking, "clear error" and "manifest" injustice are valid bases for reconsideration under GRCP 59(e). *See DFS Guam L.P. v. A.B. Won Part Int'l Airport Auth.*, 2014 Guam 12 ¶ 21 (hereafter, "*DFS I*"). However, GRCP 59(e) governs

---

[3] The calculation of time in Guam, for purposes of civil cases, has changed during the course of this litigation. Under the previous version of GRCP 6, "When the period of time prescribed or allowed is less than 11 days, intermediate Saturdays, Sundays, and legal holidays shall be *excluded* in the computation." GRCP 6, 2023 Complier's Note at (a) (emphasis added). GIAA and Lotte each filed their motions on November 14, 2023, which—excluding Saturdays, Sundays, and the legal holidays for All Souls Day and Veteran's Day—was the tenth day after October 27, 2023. However, just eight days before the Court issued the October Order, the Supreme Court of Guam promulgated a new method of calculating time under the GRCP. *See* Promulgation Order No. PRM06-006-24 (Oct. 19, 2023). Under the now-operative version of GRCP 6, the computation of time now "count[s] every day, including intermediate Saturdays, Sundays, and legal holidays[.]" GRCP 6(a)(1)(B) (emphasis added). Counting "every day," November 14, 2023 is more than ten days after October 27, 2023.

The Supreme Court's Promulgation Order provides that the amended rules "shall apply to . . . all actions, cases, and proceedings to the effective date hereof and still pending." PRM06-006-24 at 2. However, there is an exception to that rule where "application of the amended Rules . . . would not be feasible, or would work injustice, in which event the prior Guam Rules of Civil Procedure . . . shall apply." *Id.* The Court finds that applying the amended version of GRCP 6 here would work an injustice to GIAA and Lotte by denying them the opportunity to raise their motion under GRCP 59(e). The Court will therefore treat the motions as timely filed under GRCP 59(e).

"motion[s] to alter or amend a *judgment*." (emphasis added). A "judgment," for purposes of the GRCP, is "a final judgment or an appealable interlocutory order." *Cristobal v. Siegel*, 2014 Guam 16 ¶ 12 (citing Guam R. Civ. P. 54(a)). The October Order is not a "judgment" under GRCP 59(e) as it is not "the final determination of the rights of the parties" in this case. 7 GCA § 21101; *cf. Rong Chang Company, Ltd., Inc. v. M2P, Inc.*, 2012 Guam 1 ¶ 19 ("the Motion for Reconsideration only referred to the January Decision and not the Judgment that it supported, rendering the use of GRCP 59(e), which by its text involves 'motion[s] to alter or amend a judgment,' facially inappropriate.").

The October Order also does not appear to be an "appealable interlocutory order." A pre-trial order imposing evidentiary sanctions is *an* interlocutory order. *See Dickinson Frozen Foods, Inc. v. FPD Food Processing Solutions Corp.*, 2020 WL 2841517 * 10 (D. Idaho June 1, 2020); *Oliver v. Amazon.com Services, LLC.*, 2023 WL 3597722 * 1 (E.D. Wis. May 23, 2023) (slip copy). But interlocutory orders in Guam are not inherently appealable; they are only made appealable at the discretion of the Guam Supreme Court. 7 GCA § 3108(b); *see Shin v. Fujita Kanko Guam, Inc.*, 2007 Guam 18 ¶ 7 ("We generally exercise the policy of strictly limiting [] interlocutory review."). It is therefore not for this Court to determine whether the October Order is an "appealable interlocutory order," but in any case, neither movant has argued that it is.

The Court acknowledges there is some Guam case law suggesting that GRCP 59(e) can be used to analyze non-final orders, notwithstanding the "judgment" language in the rule. As GIAA notes, in an earlier appeal from this same case, the Guam Supreme Court noted that it has *not* held that "a trial court acts erroneously if it chooses to entertain a GRCP 59(e) motion, which concerns a decision rather than a judgment.'" *DFS I*, 2014 Guam 12 ¶ 21. However,

neither has the Guam Supreme Court held that a trial court acts erroneously if it *declines* to entertain a GRCP 59(e) motion in this circumstance. And federal courts have held that Federal Rule of Civil Procedure ("FRCP") 59(e)—substantively similar to, and the basis for, GRCP 59(e)—does not serve as a basis for reconsideration of an interlocutory order. *See, e.g., Broadway v. Norris*, 193 F.3d 987, 989 (8th Cir. 1999) ("Rule 59(e) motions are motions to alter or amend a *judgment,* not any nonfinal order." (emphasis in original)); *Motorola Inc. v. J.B. Rodgers Mechanical Contractors*, 215 F.R.D. 581, 583 n.1 (D. Ariz. 2003) (citing *Balla v. Idaho State Bd. of Corrections*, 869 F.2d 461, 466-67 (9th Cir. 1989)).

Even assuming GRCP 59(e) applies here, all motions for reconsideration in the Superior Court of Guam are also governed by the standards CVR 7.1(i). That rule provides the following:

> Motion for Reconsideration. A motion for reconsideration of the decision on any motion may be made only on the grounds of
> > (1) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or,
> > (2) the emergence of new material facts or a change of law occurring after the time of such decision, or,
> > (3) a manifest showing of a failure to consider material facts presented to the Court before such decision.
> No motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion.

CVR 7.1(i). This is a narrower set of circumstances than that provided by Guam's GRCP 59(e) case law; critically, there is no free-standing "clear error" or "manifest injustice" basis for reconsideration in this rule.

CVR 7.1(i) is substantively similar to Local Civil Rule ("L.R.") 7-18 for the Central District of California.[4] Courts in the Central District of California hold that L.R. 7-18 narrows the scope of reconsideration beyond what is provided for in the Federal Rules of Civil Procedure. *See, e.g., Lorenzo Vargas v. City of Los Angeles*, 2018 WL 10231166 * 2 (C.D. Cal. Nov. 14, 2018) (rejecting pure "clear error" review under L.R. 7-18, explaining that the local rule provides the "exclusive grounds for reconsideration" in that district); *Reese v. Verizon California, Inc.*, 2011 WL 13193419 * 1 (C.D. Cal. Sept. 21, 2011) ("The Local Rules place additional limitations on motions for reconsideration."). The Court finds that CVR 7.1(i) similarly narrows the basis for reconsideration in Guam. Accordingly, it is not sufficient for the movants here to simply argue "clear error" or "manifest injustice" under GRCP 59(e); such arguments must be tied to one of the three permissible bases for reconsideration under CVR 7.1(i).

**B. None of These Issues Meet the CVR 7.1(i) Standard**

The two motions for reconsideration have placed eleven issues before the Court, although there is crossover on some of the issues. At the outset, the Court finds that none of the movants' arguments implicate CVR 7.1(i)(1) or CVR 7.1(i)(2). With respect to CVR 7.1(i)(1), none of the arguments present "a material difference in fact or law from that presented to the

---

[4] Central District of California, Local Civil Rule 7-18 provides:

> A motion for reconsideration of an Order on any motion or application may be made only on the grounds of (a) a material difference in fact or law from that presented to the Court that, in the exercise of reasonable diligence, could not have been known to the party moving for reconsideration at the time the Order was entered, or (b) the emergence of new material facts or a change of law occurring after the Order was entered, or (c) a manifest showing of a failure to consider material facts presented to the Court before the Order was entered. No motion for reconsideration may in any manner repeat any oral or written argument made in support of, or in opposition to, the original motion.

Since this rule is substantively similar to CVR 7.1(i), the Court finds Central District of California cases interpreting L.R. 7-18 to be persuasive authority for interpreting CVR 7.1(i).

Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision." Neither GIAA nor Lotte present any "new" facts relevant to these issues, nor any heretofore unknown precedent, that could not have been presented to the Court *prior* to October 27, 2023. With respect to CVR 7.1(i)(2), none of these arguments suggest "the emergence of new material facts or a change of law occurring after the time of such decision." Neither movant has presented any new facts or new precedential decisions arising only *after* October 27, 2023.

Thus, only CVR 7.1(i)(3) may be at issue here—a "manifest showing" that the Court "fail[ed] to consider material facts" in reaching the decisions in the October Order. However, this prong of CVR 7.1(i) must be read in conjunction with the rule's subsequent command that "[n]o motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion." CVR 7.1(i). Reading the rule as a whole, it is clear that "[a] party's mere disagreement with the court's application of law to facts is not a 'manifest showing of a failure to consider material facts' by the court." *Haitayan v. 7-Eleven, Inc.*, 2020 WL 3213816 * 2 (C.D. Cal. May 18, 2020); *accord Pegasus Satellite Television, Inc. v. DirecTV, Inc.*, 318 F. Supp. 2d 968, 981 (C.D. Cal. 2004) ("a motion for reconsideration may not be made on the grounds that a party disagrees with the Court's application of legal precedent.").

1. Adverse Inference Sanctions Under GRCP 37 and 45 (GIAA Issue #1)

GIAA argues that adverse inference sanctions against a nonparty are not permitted under the Guam Rules of Civil Procedure. GIAA first asserts that the authority to impose discovery sanctions derives from GRCP 37(b)(2), but notes that this rule speaks only of sanctions against "a party." GIAA Mot. Reconsideration at 5-6. GIAA then asserts that discovery non-

compliance by a non-party would fall under the scope of GRCP 45(e), which allows the Court to make a contempt finding against the non-party but does not permit other sanctions. *Id.* at 6. GIAA concludes that GRCP 37 and GRCP 45 do not contemplate, and thus do not allow, the imposition of adverse inference sanctions against a non-party. *See id.* at 6-7.

While this analysis of GRCP 37 and GRCP 45 may be valid, the Court did not rely on those rules to impose its adverse inferences. The Court instead relied on its inherent power to make evidentiary rulings. *See* Dec. & Order at 4 (citing *Turner v. United States*, 736 F.3d 274, 281 (4th Cir. 2013)); *cf. In re N.A.*, 2001 Guam 7 ¶ 48 (recognizing trial courts have "inherent power" which includes "the broad discretion to make evidentiary rulings that will facilitate the 'orderly and expeditious disposition of cases.'"). The power to make such rulings extends to the imposition of adverse inferences. *See, e.g., Leon v. IDX Systems Corp.*, 464 F.3d 951, 958 (9th Cir. 2006) (noting "the inherent power of federal courts to levy sanctions in response to abusive litigation practices," including evidentiary sanctions); *see also Apple Inc. v. Samsung Electronics Co., Ltd.*, 888 F. Supp. 2d 976, 985-86 (N.D. Cal. 2012) (collecting cases). And it may, in some cases, extend to the imposition of adverse inferences even against non-parties. *See, e.g., Glover v. BIC Corp.*, 6 F.3d 1318, 1329 (9th Cir. 1993) (recognizing court's "broad discretionary power to permit a jury to draw an adverse inference . . . against the party *or witness* responsible for that behavior" (emphasis added)); *Pettit v. Smith*, 45 F. Supp. 3d 1099 (D. Ariz. 2014) (applying sanction to non-party where unique relationship between non-party and party was present); *Ramos v. Swatzell*, 2017 WL 2857523 * 6 (C.D. Cal. June 5, 2017) ("A non-party's spoliation of evidence may be imputed to a party who did not engage in spoliation."). Because the Court did not rely on GRCP 37 and/or GRCP 45, and did not need to, the Court denies reconsideration of the applicability of those rules.

## 2. Interpretation of *Pettit v. Smith* (GIAA Issue #2; Lotte Issue #6)

Both GIAA and Lotte argue that the October Order incorrectly analogizes this case to *Pettit v. Smith*, 45 F. Supp. 3d 1099 (D. Ariz. 2014). GIAA argues that the non-party in *Pettit* had a "special relationship" to the party and control of the party's evidence, GIAA Mot. Reconsideration at 7, while Lotte characterizes the non-party in *Pettit* as "an agent under the control of the actual party to the lawsuit." Lotte Mot. Reconsideration at 13. The thrust of both arguments is that Lotte and GIAA are not closely connected in the same way that the non-party and party were in *Pettit*, so extending the logic of that case here is erroneous.

This is re-argument of a pure question of law (whether a particular case from another jurisdiction has persuasive value) that has already been decided by the Court, and it does not present a "manifest failure to consider material facts" under CVR 7.1(i)(3). As noted above, "a motion for reconsideration may not be made on the grounds that a party disagrees with the Court's application of legal precedent." *Pegasus Satellite Television*, 318 F. Supp. 2d at 981; *see also Ross v. Morgan Stanley Smith Barney LLC*, 2013 WL 12372144 * 3 n.5 (C.D. Cal. Oct. 7, 2013) (a party's "dissatisfaction with the Court's decision, or even disagreement with the Court's reasoning, are not grounds for reconsideration."). The Court is not inclined to reconsider a question of law already decided and therefore denies reconsideration on this issue.

## 3. Shifting Burden of Persuasion (GIAA Issue #3)

GIAA argues the October Order has the effect of shifting the burden of persuasion on certain issues from DFS, the plaintiff, to GIAA, the defendant and that this is manifestly unfair to GIAA because they are blameless in the matter of Lotte's non-production. *See* Lotte's Mot. Reconsideration at 9. GIAA argues that the Court's adverse inferences effectively "pre-judged the merits of the case," *id.* at 10, which violates "GIAA's due process rights to a fair trial," *id.* at

9. GIAA thus appears to argue that the Court manifestly failed to consider the fact that adverse inferences could impact GIAA's trial strategy. However, the Court did not fail to consider this fact; it simply ruled in favor of DFS on the issue.

The Court does not and cannot know yet precisely how either party intends to litigate this case at trial. However, while the Court agrees with DFS that the adverse inferences are *relevant* to DFS's causes of action, it is not clear to the Court that any of the adverse inferences are highly *probative* on the essential elements of DFS's causes of action, or are harmful to any of GIAA's potential defenses. These adverse inferences relate to what Lotte intended, but Lotte's intent is not an element of any of DFS's claims *against GIAA*, which is all that is at issue in this case. As GIAA notes, it should not matter (for example) what Lotte intended to accomplish with its November 29, 2012 presentation if GIAA did not violate the law as a result of that presentation. *See* GIAA Mot. Reconsideration at 10. The alleged prejudice GIAA would suffer from the introduction of adverse inferences *against Lotte* is therefore not apparent to the Court, at least not to a level that would effectively "pre-judge the merits" of the case against GIAA.

To the extent GIAA argues that imposing adverse inferences violates a defendant's due process rights due to unfair burden-shifting, the Court is unpersuaded. GIAA has provided no case law supporting that specific contention, nor a legal test by which to analyze this claim. In the criminal context, evidentiary rulings violate due process only where "the absence of [fundamental] fairness fatally infected the trial; the acts complained of must be of such quality as necessarily prevents a fair trial." *People v. Mendiola*, 2023 Guam 12 ¶ 18. The Court does not believe its adverse inferences against Lotte have that kind of effect here. The Court therefore denies reconsideration on this issue.

4. <u>Findings on Unexhausted Claims (GIAA Issue #4)</u>

GIAA asserts, correctly, that the Guam Supreme Court has already entered judgment against some of DFS's initial claims because DFS failed to administratively exhaust those claims. Lotte's Mot. Reconsideration at 12 (citing *DFS Guam, L.P. v. A.B. Won Pat Int'l Airport Auth*, 2020 Guam 20 ¶ 50 (hereafter, "*DFS II*")). This includes DFS's "claims against GIAA related to any 'success fee' paid by Lotte." *Id.* From this, GIAA argues the Court went beyond its jurisdiction, as prohibited by *DFS I*, in drawing an adverse inference that Lotte "intended to pay success fees" to two individuals. *Id.* (quoting Dec. & Order at 9 (Oct. 27, 2023)).

The Court did not fail to consider the *DFS II* decision on the issue of success fees; it simply does not read that decision as expansively as GIAA does. The Court agrees that *DFS II* decided the *causes of action* based on success fees, *see* 2020 Guam 20 ¶ 50, but it does not read the decision to prohibit the introduction of any *evidence* related to those alleged fees. That issue is simply not addressed in *DFS II*. The Court also does not read *DFS I* to prohibit evidence regarding success fees. *DFS I* held that this Court did not "have the power to decide or opine on any merits issue" after finding it had no jurisdiction over the case. *See* 2014 Guam 12 ¶ 14. Here, however, in granting adverse inferences, the Court is not "deciding" or "opining" on the merits of already-decided claims. The Court is simply allowing adverse inferences to serve as one piece of evidence relevant to other, still-live claims. The Court does not read *DFS I* to speak on, much less prohibit, this action.

DFS has argued that the success fee evidence is relevant to their broad theory that Lotte had an "improper influence" on GIAA, and that this alleged influence affected GIAA's decisions which are at issue in DFS's remaining causes of action. DFS Combined Opp. at 19 (Dec. 12, 2023). The Court has already found that evidence of success fees meets the low

threshold necessary to establish relevance for DFS's surviving claims. Dec. & Order at 8-9; *see* Guam R. Evid. 401; *People v. Perez*, 2015 Guam 10 ¶ 40 (noting that the standard for relevance under Guam Rule of Evidence 401 "was intended to be minimally stringent."). Whether DFS's overarching theory is probative for their remaining causes of action remains to be seen, but that must be determined at trial, not in this motion. The Court will not reconsider this issue here.

### 5. Lotte's Claim of Compliant Production (Lotte Issue #1)

Lotte argues the October Order clearly erred by finding that Lotte failed to produce certain documents. Lotte maintains that it produced all the requested documents in its possession, and notified the Court that it did so. Lotte Mot. Reconsideration at 3-4 (citing Notice to Court re Compliance (Jan. 8, 2018)). However, Lotte raised this same argument in its Opposition to the January 2018 Motion, as well as its Opposition to DFS's October 2017 Motion. The Court has considered this core argument, along with the evidence presented by both parties and Lotte on this issue, and ultimately ruled that Lotte did not produce all that it was required to. *See* Dec. & Order at 6-7. Since a motion for reconsideration may not "in any manner repeat any oral or written argument made in support of or in opposition to the original motion," CVR 7.1(i), the Court denies reconsideration on this issue.

### 6. Documents Did Not Exist as of May 3, 2013 (Lotte Issue #2)

Lotte argues that even if the Court correctly held that Lotte was on notice to preserve documents as of May 3, 2013, the conclusion that this required Lotte to produce documents dating to May 3, 2010, was erroneous. Lotte Mot. Reconsideration at 4. Lotte cites a variety of reasons for this position, including (1) DFS did not request documents produced back to May 2010; (2) The Request for Proposals (RFP) at issue in this case was not issued until July 2012; (3) Lotte was not formed until September 2012; and (4) Lotte's internal practice was to delete or

destroy internal documents related to a bid shortly after a bid is finalized, so nothing from the bid process would have remained in existence as of May 3, 2013. *Id.* at 4-5. Again, however, Lotte has raised this core argument in its Opposition to the January 2018 Motion, and the Court has rejected it upon consideration of all the evidence presented. *See* Dec. & Order at 6-7. Thus, since this argument has already been raised and rejected, the Court denies reconsideration on this issue.

### 7. Lack of Prejudice to DFS (Lotte Issue #3)

Lotte argues, under the Guam Supreme Court's decision in *People v. Bosi*, 2022 Guam 15, that before imposing discovery sanctions, a court must analyze whether the discovery issue prejudiced the affected party and impose the "least severe sanction" that will achieve "prompt and full compliance with the court's discovery orders." Lotte Mot. Reconsideration at 7. Lotte therefore argues that the Court erred in failing to analyze whether DFS could have (or did) obtain the materials sought from other sources, or whether DFS's trial preparation was harmed by impacted by the spoliation. *Id.* at 7-8. Lotte also argues the Court erred in failing to analyze whether a lesser sanction would have cured whatever prejudice DFS may have suffered. *Id.* at 8.

The Court disagrees with Lotte's application of *Bosi* to these facts. Setting aside the fact that *Bosi* is a criminal case turning on the interpretation of criminal discovery statutes (8 GCA § 70.10 *et seq.*) not relevant here, the fundamental problem in *Bosi* was that the People of Guam failed to disclose a potentially prejudicial piece of evidence to the defense until trial had already begun. *See* 2022 Guam 15 ¶ 65. After observing that the trial court had (1) not sanctioned the People despite the violation of the discovery order and (2) not made a clear record of that decision, the Guam Supreme Court decided it was necessary, under the applicable standard of

review, to defer to the trial court's discretion. *See id.* ¶¶ 66-71, *see also id.* ¶ 71 n.8 ("Our decision today should be read to vindicate the discretion of the trial court, not to excuse dilatory conduct by the People."). *Bosi* therefore supports the October Order insofar as the Court's imposition of adverse inferences is also an exercise in discretion.

Moreover, it is true that under *Bosi*, a court should consider "the prejudice, if any, to the opposing party" before sanctioning a party for non-compliance with discovery obligations. *Id.* ¶ 68 (quoting *People v. Tuncap*, 1998 Guam 13 ¶ 25). Indeed, the Court has considered the issue of prejudice here—the conclusion that Lotte's nonproduction was prejudicial to DFS undergirds the entire October Order. *See* Dec. & Order at 5 (Oct. 27, 2023) (explaining that "spoliation relevant to proof of an issue at trial" can support adverse inferences); *id.* at 8-9 (noting "the fact that the destroyed documents were pertinent to [DFS's] protest"). "Spoliation of evidence causes prejudice when, as a result of the spoliation, the party claiming spoliation cannot present 'evidence essential to its underlying claim.'" *Victor Stanley, Inc. v. Creative Pipe, Inc.*, 269 F.R.D. 497, 532 (D. Md. 2010). The Court has found that DFS cannot present evidence that DFS believes is essential to its claims because Lotte failed to produce that evidence, and is not inclined to revisit that finding. This amounts to prejudice. The Court therefore denies reconsideration of this issue.

### 8. Lack of Identification of "Likely Existed" Documents (Lotte Issue #4)

Lotte argues that DFS has failed to prove that certain documents it sought "existed or even likely existed," and that this precludes a spoliation finding as a matter of law. *See* Lotte Mot. Reconsideration at 9-12. Lotte thus argues the Court erred in finding that Lotte "intentionally spoliated relevant documents," *id.* at 10, because there was no effort by DFS to "specifically identify which documents or even categories of documents were allegedly

destroyed by Lotte," or to "cite any evidence supporting that conclusion." *Id.* at 11. The Court finds this argument to largely overlap Lotte's argument above that the documents DFS sought did not actually exist. And as with that argument, this argument has already been raised and argued in Lotte's earlier Opposition. The Court therefore denies reconsideration of this issue.

9. Adverse Inferences "Unrelated" to Issues in This Litigation (Lotte Issue #5)

Lotte argues that the October Order "fails to explain how the seven adverse inferences issued against Lotte relate to the issues remaining in [this case]." Lotte Mot. Reconsideration at 12. Lotte argues, in effect, that the scope of the case has been narrowed by the Guam Supreme Court, such that any questions related to Lotte's subjective intent in making its bid are irrelevant to evaluating GIAA's actions. *See id.* Thus, in Lotte's view, adverse inferences against Lotte are inappropriate as a matter of law because they lack "any connection to live disputes." *Id.* at 14. This argument largely overlaps with GIAA's fourth argument regarding evidence of success fees; as above, the Court has already found that the evidence is at least minimally relevant to DFS's remaining claims. Again, the Court has not determined whether that theory has actual merit—that is an issue for trial. At this time, however, the Court denies reconsideration of the issue.

10. Sanction Issue Should be Decided Elsewhere (Lotte Issue #7)

Lotte argues that the October Order was erroneous because Lotte is not a party to this action, and that the issue of sanctions, if it need be decided at all, should be decided in the separate tort case between DFS and Lotte. *Id.* at 13-14.

First, as noted above in Section (B)(1), the Court did not impose sanctions under GRCP 37, but under its inherent power "to make evidentiary rulings that will facilitate the 'orderly and expeditious disposition of cases.'" *In re N.A.*, 2001 Guam 7 ¶ 48. Moreover, the Court's

purpose in imposing adverse inferences against Lotte was not to punish Lotte—it was to remedy a discovery violation that deprived evidence of DFS they were entitled to access for their claims *in this case.* In other words, the Court's purpose in imposing adverse inferences was evidentiary in nature. *Cf. Kronisch v. United States*, 150 F.3d 112, 126 (2d Cir. 1998) (recognizing a "remedial rationale" for adverse inferences to "serve the function, insofar as possible, of restoring the prejudiced party to the same position he would have been in absent the wrongful destruction of evidence by the opposing party."). Litigating the sanctions issue within a different case would not remedy the evidentiary gap that exists in this case because Lotte did not comply with discovery obligations. Accordingly, the Court denies reconsideration on this issue as well.

**CONCLUSION**

Based on the above analysis, the Court **DENIES** GIAA's motion for reconsideration and Lotte's motion for reconsideration.

**SO ORDERED** _____APR 1 2 2024_____ .

_____
**HONORABLE ARTHUR R. BARCINAS**
Judge, Superior Court of Guam